**CARDEN LIVESAY**
─── LTD ───
ATTORNEYS AT LAW

Joshua W. Carden, SBN 021698
419 East Juanita Avenue, Suite 103
Mesa, AZ 85204
joshua@cardenlivesay.com
T. (480) 345-9500
F. (480) 345-6559
*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Hassett,<br><br>                    Plaintiff,<br><br>v.<br><br>United Airlines, Inc.,<br><br>                    Defendant. | **ORIGINAL COMPLAINT**<br><br>**(JURY TRIAL REQUESTED)** |

Plaintiff John Hassett, hereby seeks relief under Title VII, the ADA, and the Arizona Civil Rights Act as follows:

**PARTIES**

1. Plaintiff John Hassett was at all relevant times herein a resident of Maricopa County, Arizona, and an "employee" within the meaning and purposes of all relevant statutes at all times material to this action.

2. Defendant United Airlines, Inc. ("United") is a Delaware corporation, at all relevant times conducting its business in Maricopa County, Arizona.

3. United was an "employer" of Plaintiff within the meaning and purposes of all relevant statutes at all times material to this action.

4. United employs more than 500 people.

5. At all times pertinent to this Complaint, United's managerial employees were acting within the course and scope of their employment with United; and as a result thereof, United is responsible and liability is imputed for the acts and omissions of their managerial employees, as



alleged herein, under the principles of *respondeat superior*, agency, and/or other applicable law.

6. All acts alleged in this Complaint occurred in Maricopa County, Arizona.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 & 1343. Pendent jurisdiction over the related state law claims is invokes pursuant to 28 U.S.C. § 1367.

8. The unlawful employment practices described herein were committed within the State of Arizona, Maricopa County, where United employed Plaintiff.

9. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## ALLEGATIONS COMMON TO ALL CLAIMS

10. United is a major airline, transporting passengers all over the globe.

11. United employed Plaintiff as a pilot beginning 1989.

12. On or about August 6, 2021, United's CEO announced that all employees would be required to receive the COVID-19 vaccination – with no exceptions, even for employees who have already had and recovered from COVID.

13. On or about August 15, Plaintiff submitted a religious exemption request to United's COVID-19 mandate via United's "Help Hub" (a Human Resources system for handling employee communications related to policies and procedures) based on sincerely-held religious beliefs as a Christian.

14. On or about September 3, 2021, United requested that Plaintiff submit additional information in support of his exemption request by September 6, 2021.

15. On or about September 5, 2021, Plaintiff did so.

16. On September 9, 2021, United sent a communication threatening to place any employee who requested an accommodation for disabilities or religious beliefs on indefinite unpaid leave without benefits.

17. Shortly thereafter, United "approved" Plaintiff's exemption, and announced that he would be placed on unpaid leave without benefits in October 2021 for up to 72 months at which time Plaintiff would either have to get vaccinated or be terminated.

18. This is not an <u>actual</u> accommodation – the loss of pay and benefits for six years <u>with</u>



<u>the same vaccine requirement at the end of that time</u> is scarcely different than outright termination.

19. On September 11, 2021, Plaintiff notified United that he did not believe unpaid leave without benefits was a reasonable accommodation.

20. Around that same time frame, Plaintiff underwent blood testing by a leading Arizona medical laboratory and learned that he had COVID-19 antibodies.

21. The lab report specifically stated, *inter alia*, that "Detection of IgG antibodies may indicate prior exposure to a SARS-CoV-2 (COVID-19) infection or an immune response to a COVID-19 vaccination."

22. Plaintiff immediately contacted United and requested a medical exemption based on his documented antibody testing conferring "natural immunity" from COVID-19.

23. On or about October 2, 2021, United removed Plaintiff from his ordinary work schedule.

24. On or about October 12, 2021, United informed Plaintiff that he could not submit a separate medical exemption request because the religious exemption was still pending.

25. Plaintiff resubmitted the medical exemption request by attaching it to his other pending request in the Help Hub system.

26. On or about October 27, 2021, United informed Plaintiff that he could only qualify for one accommodation or the other and therefore his medical exemption was denied.

27. On or about November 8, 2021, United stopped Plaintiff's paycheck and ended his paid benefits at the end of that month.

28. United engaged in no actual dialogue with Plaintiff about either of his accommodation requests.

29. At some point, United deleted some or all of its accommodations communications with Plaintiff in the Help Hub system.

30. During the pandemic, United continued its practice of allowing other pilots from other airlines to ride in the "jump seat" of the cockpit.

31. Upon information and belief, United did not require verification of the COVID-19



1 vaccination status of those pilots from other airlines before allowing them into the cockpit.

32. Similarly, other employes from airlines who did not require COVID-19 vaccination were still allowed to ride in the passenger cabin during the pandemic.

33. In contrast, Plaintiff was not allowed to ride on any United flight unless he purchased a ticket.

34. While United distributed a perfunctory list in February 2022 of "non-customer facing" roles (such as baggage handling) to pilots placed on involuntary leave like Plaintiff, none of the roles were in Phoenix, and thus none were accessible to Plaintiff without the ability to fly somewhere else.

35. The cost of traveling to the job (as Plaintiff could no longer fly for free) would have likely exceeded the pay for working that job.

36. In March 2022, United requested that Plaintiff return to work despite his unvaccinated status.

37. Due to the involuntary leave, Plaintiff had to complete mandatory pilot training requirements before he was able to work.

38. Plaintiff returned to full-time status on or about April 20, 2022.

39. United did not reimburse Plaintiff for his back pay or his out-of-pocket costs to maintain his insurance.

40. United has not required Plaintiff to get vaccinated as a condition of returning to work.

41. Upon information and belief, United dropped its mandatory vaccination policy or was required to do so by a court in early 2022.

42. Upon information and belief, widely-accepted studies have now shown that vaccinated employees were no less likely to get infected and spread COVID-19 than employees who contracted COVID-19 and recovered.

43. Upon information and belief, United did no studies to determine what accommodations could be feasibly made for individuals objecting to the COVID-19 vaccine on religious grounds.



44. Upon information and belief, United did no studies to determine the extent of any cost burden related to granting accommodations on religious grounds.

45. Upon information and belief, United did no studies to determine what accommodations could be feasibly made for individuals who had documented COVID-19 antibodies.

**Administrative Remedies**

46. Plaintiff timely dual-filed a charge of discrimination with the EEOC and Arizona Attorney General Civil Rights Division. A true and correct copy of that charge is attached hereto as Exhibit A.

47. The Arizona Attorney General Civil Rights Division issued its Notice of Suit Rights. A true and correct copy of that Notice is attached hereto as Exhibit B.

48. The EEOC has not yet issued its Notice of Suit Rights, but one will issue in due course as a result of the closure of the Arizona Attorney General Civil Rights Division investigation.

49. All conditions precedent to the filing of this lawsuit have occurred or been satisfied.

**FIRST CAUSE OF ACTION – TITLE VII DISCRIMINATION**

50. By reference hereto, Plaintiffs hereby incorporate the preceding paragraphs.

51. Plaintiff holds sincere Christian beliefs, *inter alia*, against getting the COVID-19 vaccine, of which beliefs United was aware.

52. By refusing an accommodations for Plaintiff's faith, United has engaged in direct discrimination against Plaintiff in violation of Title VII, 42 U.S.C. § 2000e.

53. Neither Plaintiff's beliefs nor the actions he took upon those beliefs caused a disruption in the workplace.

54. United could have easily accommodated Plaintiff's religious beliefs without an <u>actual</u> undue hardship, the existence of which is United's burden to prove – and a speculative burden is insufficient in the Ninth Circuit. *Tooley v. Martin-Marietta Corp.*, 648 F.2d 1239, 1243 (9th Cir. 1981).

55. Anticipating a further affirmative defense, Plaintiff specially alleges that the current



"more than de minimus" test for measuring "undue hardship" as enunciated in *TWA v. Hardison*, 432 U.S. 63 (1977) stands against the statutory text, and ought to be overruled. *See EEOC v. Abercrombie & Fitch Stores*, 575 U.S. 768, 787 n.* (2015)(Thomas, J. writing separately).

56. Plaintiff's beliefs and his actions taken on those beliefs, and United's refusal to accommodate those beliefs, were the direct cause of Plaintiff's constructive discharge.

57. The persons who engaged in discrimination and failed to accommodate Plaintiff were supervisory employees of United with immediate and ultimate authority over Plaintiff.

58. Plaintiff has suffered irreparable injury and monetary damages as a result of United's discriminatory practices unless and until this Court grants relief.

59. As a direct and proximate result of United's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits.

60. As a direct and proximate result of United's conduct, Plaintiff has further sustained damages in the form of emotional distress.

61. United's conduct was malicious, or done with reckless disregard of Plaintiff's rights to a degree that entitles Plaintiff to punitive or exemplary damages.

## SECOND CAUSE OF ACTION – TITLE VII RETALIATION

62. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

63. Plaintiff engaged in protected activity by requesting an accommodation.

64. United has retaliated against Plaintiff for engaging in protected activity by placing him on involuntary unpaid leave (tantamount to constructive discharge) in violation of Title VII, 42 U.S.C. § 2000e.

65. But for his protected activities, Plaintiff would not have received these adverse actions.

66. The persons who engaged in retaliation were supervisory employees of United with immediate and ultimate authority over Plaintiff.

67. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of United's discriminatory practices unless and until this Court grants relief.

68. As a direct and proximate result of United's conduct, Plaintiff has sustained



1  damages in the form of lost wages and value of benefits. Plaintiff continues to lose the value of
2  such wages and benefits into the future.

3  69. As a direct and proximate result of United's conduct, Plaintiff has further sustained
4  damages in the form of emotional distress.

5  70. United's conduct was malicious, or done with reckless disregard of Plaintiff's rights
6  to a degree that entitles Plaintiff to punitive or exemplary damages.

**THIRD CAUSE OF ACTION – ACRA RELIGIOUS DISCRIMINATION**

8  71. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

9  72. A.R.S. § 14-1463 prohibits an employer from discriminating against any individual
10 with respect to compensation, terms, conditions, or privileges of employment because of religion.

11 73. Plaintiff holds sincere Christian beliefs, *inter alia*, against getting the COVID-19
12 vaccine, of which beliefs United was aware.

13 74. In violation of A.R.S. § 41-1463(B)(l ), United engaged in unlawful employment
14 practices by discriminating against Plaintiff with respect to terms, conditions, or privileges of
15 employment because of the Plaintiff's sincerely held religious beliefs, as a result of United's
16 policies and practices.

17 75. Additionally, United limited, segregated, or classified employees like Plaintiff with
18 sincerely-held religious beliefs in a way that deprived them of equal employment opportunities or
19 otherwise adversely affected their status as employees because of their sincerely-held religious
20 beliefs; thus damaging those employees.

21 76. Because United subjected Plaintiff to different terms and conditions of employment
22 (including termination), Plaintiff suffered monetary damages for which he should be compensated
23 in an amount to be determined at trial.

24 77. Anticipating an affirmative defense, Plaintiff specially alleges that the "undue
25 hardship" test under the Arizona Civil Rights Act is <u>not</u> the "de minimus" test. A.R.S. § 41-
26 1461(15).

27 78. Plaintiff should also receive injunctive relief as fashioned by the Court to remedy the
28 wrongs caused by United's actions.



**FOURTH CAUSE OF ACTION – ACRA DISABILITY DISCRIMINATION**

79. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

80. A.R.S. § 14-1463 prohibits an employer from discriminating against any individual with respect to compensation, terms, conditions, or privileges of employment because of disability, which is defined to include "being regarded" as having a physical or mental impairment, regardless of whether such impairment actually limits a major life activity.

81. Because of his non-vaccination status, United "regarded" Plaintiff as being highly susceptible to COVID-19 and therefore "at risk," despite Plaintiff documenting his medical status of having the same (or better) antibodies conferred by a vaccine.

82. United thus discriminated against Plaintiff based on a perceived disability.

83. In violation of A.R.S. § 41-1463(B)(l ), United engaged in unlawful employment practices by discriminating against Plaintiff with respect to terms, conditions, or privileges of employment because of the Plaintiff's perceived disability, as a result of United's policies and practices.

84. Additionally, United utterly failed to engage in the interactive process with Plaintiff regarding his medical status; a form of direct discrimination.

85. Because United subjected Plaintiff to different terms and conditions of employment (including termination) as a result of its actions, Plaintiff suffered monetary damages for which he should be compensated in an amount to be determined at trial.

86. Plaintiff should also receive injunctive relief as fashioned by the Court to remedy the wrongs caused by United's actions.

**FIFTH CAUSE OF ACTION – ACRA RETALIATION**

87. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

88. Under A.R.S. § 41-1464(A), it is an unlawful practice for an employer to discriminate against any individual because that individual participated in protected activity by requesting reasonable accommodations on the basis of religion or disability or opposing a policy or practice or participating in activities with other employees up to and including the charge of discrimination process.

89. Plaintiff engaged in protected activities by requesting both religious and medical accommodations.

90. United imposed adverse employment actions on Plaintiff as described above.

91. But for Plaintiff engaging in protected activity, United would not have taken these adverse actions.

92. Because United subjected Plaintiff to retaliation, Plaintiff suffered monetary damages for which he should be compensated in an amount to be determined at trial.

93. Plaintiff should also receive injunctive relief as fashioned by the Court to remedy the wrongs caused by United's actions.

## SIXTH CAUSE OF ACTION – ADA DISCRIMINATION

94. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

95. Plaintiff's non-vaccination status, as described above, caused the perception by Defendant that Plaintiff experienced substantial limitations of major life activities.

96. Because of his non-vaccination status, United "regarded" Plaintiff as being highly susceptible to COVID-19 and therefore "at risk," despite Plaintiff documenting his medical status of having the same (or better) antibodies conferred by a vaccine.

97. United thus discriminated against Plaintiff based on a perceived disability.

98. Additionally, United utterly failed to engage in the interactive process with Plaintiff regarding his medical status; a form of direct discrimination.

99. Defendant failed to provide Plaintiff with a reasonable accommodation.

100. By these actions, Defendant has engaged in direct discrimination against Plaintiff, as well as treating him disparately from other non-disabled workers in violation of 42 U.S.C. § 12112.

101. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits.

102. As a direct and proximate result of Defendant's conduct, Plaintiff has further sustained damages in the form of emotional distress and medical expenses.

103. Defendant's conduct was malicious, done with reckless indifference, and/or



performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

## SEVENTH CAUSE OF ACTION – ADA RETALIATION

104. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

105. Plaintiff engaged in protective activity by requesting a medical accommodation.

106. Defendant engaged in retaliation in violation of 42 U.S.C. § 12203 by almost immediately taking adverse actions, including constructively terminating his employment for several months).

107. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages in the form of lost wages and value of benefits.

108. As a direct and proximate result of Defendant's conduct, Plaintiff has further sustained damages in the form of emotional distress and medical expenses.

109. Defendant's conduct was malicious, done with reckless indifference, and/or performed with an evil mind so as to entitle Plaintiff to punitive or exemplary damages.

## JURY DEMAND

110. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A. Declaring that the acts, practices, and policies complained of herein are in violation of federal and/or state law;

B. Directing United to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment or employment opportunities, including but not limited to the required implementation and enforcement of policies, practices and programs that provide equal employment opportunities for employees with sincerely-held religious beliefs and disabilities, and that eradicate the effects of its present unlawful employment practices; remedial and additional training to its management, supervisors, human resources personnel, and employees regarding religion-based and disability-based discrimination in the workplace and unlawful retaliation, including but not limited to accommodation of



sincerely-held religious beliefs and disabilities;

C. Directing United to place Plaintiff in the position he would have occupied but for United's unlawful actions, and make Plaintiff whole for all earnings he would have received, including, but not limited to, back pay, pension, and other lost benefits;

D. Awarding Plaintiff compensatory and punitive damages in an amount to be determined by the jury;

E. Awarding Plaintiff pre- and post-judgment interest, the costs of this action, and reasonable attorneys' fees as provided by the statutes providing the causes of action cited herein; and

F. Granting such other and further relief, including equitable relief authorized by the cited statutes, as this Court deems necessary and proper.

Respectfully submitted on this 11th day of February, 2023,

CARDEN LIVESAY, LTD.

By: s/Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*

