WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Hassett,<br><br>    Plaintiff,<br><br>v.<br><br>United Airlines Incorporated,<br><br>    Defendant. | No. CV-23-00270-PHX-ROS<br><br>**ORDER** |

Plaintiff John Hassett filed this case in the District of Arizona, but he now requests the case be transferred to the Northern District of Texas. Defendant United Airlines requests the case be dismissed or, in the alternative, transferred to the Northern District of Illinois. Based on the parties' positions, the District of Arizona is not where this case should be litigated. But dismissal may result in Plaintiff being unable to litigate his claims. Therefore, the case will be transferred.

## BACKGROUND

Hassett has worked as a United pilot since 1989. United is a Delaware corporation with its principal place of business in Chicago, Illinois. At all times relevant to this case, Hassett lived in Arizona but his duty station was an airport in Houston, Texas. Hassett would travel to Houston and then "begin and end his flight sequences for United" at that Houston airport. (Doc. 20-1 at 3).

In 2021, United announced all its employees would be required to receive a COVID-19 vaccination. As described by United, its vaccination policy was "developed and

implemented" at its headquarters in Chicago. Hassett sought an exemption from the vaccine mandate based on his religious beliefs. United eventually approved Hassett's exemption but stated he would be placed on unpaid leave until he was vaccinated or terminated.

In February 2023, Hassett filed this suit in the District of Arizona. The complaint asserts claims under Title VII, the Americans with Disabilities Act, and Arizona employment anti-discrimination and anti-retaliation statutes. (Doc. 6). On June 30, 2023, United filed a motion to dismiss arguing the Court lacked personal jurisdiction, venue was improper, and Hassett had failed to state a claim on which relief could be granted. (Doc. 15). In the portion of the motion discussing venue, United acknowledged the Court could choose to transfer instead of dismissing the case. United argued the Northern District of Illinois, the district containing its headquarters, was the appropriate venue should the Court conclude transfer was merited.

The same day United filed its motion to dismiss, Hassett filed a motion to transfer. That motion conceded the venue statute applicable to Title VII claims establishes transfer to a different venue is appropriate. But Hassett requested the case be transferred to the Northern District of Texas instead of the Northern District of Illinois. Hassett's duty station airport is located in the Southern District of Texas. However, he argues the Northern District of Texas would be a more appropriate venue for his case because there is a pending class action in that district against United challenging the same vaccine policy he is challenging in the present case. Hassett also argues transfer to Texas is preferable to transfer to Illinois because his current counsel is barred in Texas but is not barred in Illinois.

## ANALYSIS

United's motion seeks dismissal for lack of personal jurisdiction or for improper venue and seeks transfer only in the event those arguments fail. The Court need not determine whether personal jurisdiction exists because lack of personal jurisdiction over United would not prevent the Court from transferring the case to a more suitable location. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962) (concluding transfer is permitted

"whether the court in which [the suit] was filed had personal jurisdiction over the defendants or not"). Similarly, dismissal based on improper venue, when a proper venue exists, is disfavored. Indeed, the various transfer statutes were enacted so that plaintiffs who make a mistake in filing in a particular venue do not forfeit their claims. *Id.* at 467. Because Hassett's claims may be barred by a statute of limitations if the Court were to dismiss his claims instead of transferring them, transfer is the appropriate remedy. *See Ritzen Grp., Inc. v. Jackson Masonry*, LLC, 140 S. Ct. 582, 590 n.3 (2020) ("[W]ithin the federal court system, when venue is laid in the wrong district, or when the plaintiff chooses an inconvenient forum, transfer rather than dismissal is ordinarily ordered if 'in the interest of justice.' 28 U.S.C. §§ 1404(a), 1406.").

The Court must therefore assess which venue is best for Plaintiff's claims. The Title VII venue statute provides for venue in four locations: 1) "any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; 2) "the district where employment records are kept"; 3) "the district where the plaintiff would have worked but for the alleged unlawful practice"; or, 4) if the employer cannot be found within any of the preceding locations, "the district where the defendant keeps its principal office." *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 504 (9th Cir. 2000) (quoting 42 U.S.C.A. § 2000e-5(f)(3)). Based on these possibilities, United argues venue is not proper in Arizona. Instead, United argues venue would be proper only in the Northern District of Illinois or the Southern District of Texas. From those two options, United argues the Northern District of Illinois makes more sense because many of the decisions and actions regarding the vaccine mandate occurred at United's headquarters in Chicago.

Hassett does not concede the Title VII venue statute renders Arizona an improper venue. But Hassett argues transfer is preferable to litigating the propriety of venue in Arizona. Hassett points to the Title VII venue statute as allowing a plaintiff to file suit in any venue in "any judicial district in the State" where the challenged action occurred. Assuming the challenged action occurred in Texas, Hassett argues he could have filed his

suit in any district in Texas. And based on the Northern District of Texas currently handling a class action against United, Hassett argues the case should be transferred to that district. *Sambrano v. United Airlines, Inc.*, 570 F. Supp. 3d 409 (N.D. Tex. 2021) (discussing class action).

While both parties agree the Court should transfer this case, they disagree on which of two statutes regarding transfer is relevant. The two statutes, 28 U.S.C. §§ 1404(a) and 1406(a), allow for transfer to another district but each applies to a slightly different situation. Section 1404(a) applies when venue is proper in the original court, venue would have been proper in an alternative venue, and transfer to that alternative venue would be more convenient for the parties and witnesses.[1] Section 1406(a) applies when venue is not proper in the original court and transfer to an alternative venue is "in the interest of justice." United argues the Court must apply § 1406(a) because venue was not proper in Arizona. Hassett argues § 1404(a) is the proper basis, but he argues the distinction makes no meaningful difference. In fact, even United concedes the exact statutory basis for transfer does not make much of a difference because the relevant factors under the two statutes are similar.[2] (Doc. 20 at 6; Doc. 23 at 2).

Whether analyzed under § 1404(a) or § 1406, courts use similar factors when resolving a motion to transfer. The factors include "the contacts relating to the plaintiff's cause of action in the chosen forum, . . . the differences in the costs of litigation in the two forums, . . . the availability of compulsory process to compel attendance of unwilling non-party witnesses, and the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (discussing transfer under § 1404(a)). Other factors may be appropriate and, ultimately, resolving a request to transfer requires "an individualized, case-by-case consideration of convenience and fairness." *Id.* at 498.

---

[1] Section 1404(a) also allows transfer to a venue where the case could not have been brought, provided all parties consent.

[2] The difference between the two statutes arises from the different regime that may apply in the transferee court. "If a case is transferred under § 1404(a), the transferor state's choice-of-law rules govern, while if a case is transferred under § 1406(a), the transferee state's choice-of-law rules govern." *Esposito v. Airbnb Action, LLC*, 538 F. Supp. 3d 844, 849 (N.D. Ill. 2020). *See also Nelson v. Int'l Paint Co.*, 716 F.2d 640, 643 (9th Cir. 1983) (identifying choice-of-law difference based on statutory basis for transfer).

- 4 -

The parties present three potential districts to which this matter can be transferred: the Northern District of Illinois, the Southern District of Texas, and the Northern District of Texas. Because neither party requests transfer to the Southern District of Texas, that possibility need not be discussed. Of the two requested districts, there are factors supporting transfer of this case to the Northern District of Illinois. United's headquarters is in that district and United claims the challenged policy originated from its headquarters. United also claims most witnesses will be found in that district. But the locations of documents and witnesses do not carry as much weight as they perhaps carried in the past. Documents routinely are shared electronically, and parties can take remote depositions. *See* Fed. R. Civ. P. 30(b)(4) (allowing remote depositions). Therefore, the location of documents and witnesses does not automatically support transferring to the Northern District of Illinois.

According to Hassett, the Illinois-based documents and witnesses are not sufficient to overcome his preferred venue of the Northern District of Texas. Hassett bases his position almost exclusively on the pending class action in that district brought by United employees. *Sambrano v. United Airlines, Inc.*, 570 F. Supp. 3d 409, 411 (N.D. Tex. 2021). Those employees are pursuing a Title VII claim based on United offering only the "accommodation" of indefinite leave in response to their religious-based requests for exemptions to the vaccine mandate. That is the same, or practically the same, Title VII claim Hassett wishes to pursue. Whether that pending lawsuit is a sufficient reason to send this case to the Northern District of Texas presents a unique situation and the parties have not cited Ninth Circuit authority addressing such a situation. The Sixth Circuit, however, has provided useful guidance. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

In the Sixth Circuit opinion, a class action complaint had been filed in the Eastern District of Michigan. The case involved health-care claims brought by former employees of a Wisconsin-based employer. The employer sought to transfer the case from Michigan to the Eastern District of Wisconsin, but the district court denied the transfer motion. On appeal, the Sixth Circuit noted the employer was "headquartered in Wisconsin," relevant

negotiations took place in Wisconsin, the health-care plans were administered in Wisconsin, "most of the class members live in Wisconsin," and the relevant documents were in Wisconsin. *Id.* at 320. These factors "suggest[ed]" that Wisconsin was the most convenient forum. *Id.* However, there was a fact "[o]n the other side of the ledger" that provided a sufficient basis for the district court's denial of the motion to transfer. *Id.*

The Eastern District of Michigan "had handled [a previous] case (and was still handling the case)," involving very similar issues. *Id.* That experience meant the Eastern District of Michigan had "a leg up on the legal and factual issues presented" in the second case. *Id.* That experience also meant refusing to transfer the second case to Wisconsin would mean that second case could proceed "expeditiously and inexpensively" in a Michigan forum. *Id.* Moreover, the Sixth Circuit believed there was "much to be said from an interests-of-justice perspective for applying the same law to both cases rather than Sixth Circuit law to one case and Seventh Circuit law to the other."[3] *Id.* Accordingly, the Sixth Circuit concluded the denial of the motion to transfer was not an abuse of discretion.

A similar analysis is appropriate here. The Northern District of Texas is handling a much larger case against United involving challenges to the same policies and practices as those challenged in this case. Even though Hassett may elect to not become a part of that case if a class is certified, there is little doubt the Northern District of Texas will be familiar with the facts and law applicable to Hassett's claims. And perhaps most importantly, the "interests-of-justice perspective" provides a compelling basis for sending this case to the Northern District of Texas so the various challenges to United's policies are all subject to Fifth Circuit law. Sending this case to the Northern District of Illinois would mean Seventh Circuit law would apply to Hassett's claims. It will not be overly burdensome to access documents and witnesses from the Northern District of Texas and general "interests of justice" require this case be transferred to that district.

Accordingly,

**IT IS ORDERED** the Motion to Transfer (Doc. 16) is **GRANTED**. The Clerk of

---

[3] The Sixth Circuit made this observation despite the underlying claims arising under federal law.

1   Court shall transfer this case to the Northern District of Texas.

2   Dated this 15th day of September, 2023.

Honorable Roslyn O. Silver
Senior United States District Judge

- 7 -